Filed 7/21/15  P. v. Taylor CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GERRY LINN TAYLOR,<br><br>    Defendant and Appellant. | B257517<br><br>(Los Angeles County<br>Super. Ct. No. YA089090) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Alan B. Honeycutt, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner and Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Gerry Linn Taylor appeals from a final judgment of conviction following a jury trial. He also appeals the trial court's order denying the petition for recall of sentence and request for resentencing pursuant to Penal Code section 1170.18 (Proposition 47), filed on December 22, 2014. We affirm the judgment and the court's order finding that appellant Taylor's conviction for second degree commercial burglary was ineligible under Proposition 47 because the offense occurred at night when the business was closed.

## FACTUAL AND PROCEDURAL BACKGROUND

In the evening of December 5, 2013, Shahla Vazin closed the Fantastic Sam's hair salon that she owned and locked the door on her way out. She left $200 in the cash register so that there would be change for customers the next day. The next morning, Vazin received a call from one of her employees and returned to her salon. When she arrived, she discovered that the cash register had been pried open, the drawer of the register was on the floor, and the $200 that she had left there was gone. The rear door latch was also bent.

Vazin checked the motion-activated surveillance cameras that she had at the store and showed the surveillance videos to the police and a security guard from the shopping center. Portions of the surveillance video were shown to Vazin during the trial. She testified as to the locations and angles of the cameras, denoted where in the store they were directed and verified that the date and time stamp on the video was correct.

Portions of the surveillance video were played for the jury. The tape showed appellant Taylor entering through the rear door and propping it open. From a different camera angle, Taylor can be seen prying open the salon's cash register and removing cash. Taylor appeared to injure his hand in the process of prying open the register.

Taylor was later arrested. At that time, he had $138 in his pants pocket and a cut on his left ring finger.

On January 23, 2014, appellant was charged by information with second degree commercial burglary and petty theft with three priors. It was further alleged that

2

pursuant to Penal Code section 667.5, subdivision (b), Taylor had suffered a qualifying prison term before committing the crimes charged.

At his preliminary hearing, witnesses testified that Taylor forcibly entered the Fantastic Sam's salon at night when the business was closed and took money out of the cash register.

The jury found appellant guilty as charged. After the verdict, the court tried Taylor's priors and found that he had suffered three theft-related priors and two priors pursuant to section 667.5, subdivision (b).

Appellant was sentenced to four years in state prison, consisting of the mid-term of two years on the burglary conviction, plus two years pursuant to section 667.5, subdivision (b). The court stayed a two year sentence on the felony theft conviction.

Appellant subsequently filed a petition for recall of sentence with a request for re-sentencing pursuant to Penal Code section 1170.18 (Proposition 47) as to both convictions. The trial court found the commercial burglary conviction to be ineligible for Proposition 47 relief as the record of conviction showed that the offense was committed at night when the store was closed for business. However, the trial court granted relief as to the felony theft and reduced it to a misdemeanor and stayed the sentence pursuant to section 654.

## CONTENTIONS

After examination of the record, counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record.

By notice filed May 18, 2015, the clerk of this court advised Taylor to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider. No response has been received to date.

## REVIEW ON APPEAL

We have examined the entire record and are satisfied that counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

*DISPOSITION*

The judgment is affirmed.


*NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*



JONES, J.*

WE CONCUR:



EDMON, P. J.



ALDRICH, J.

---

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.